UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

**OSCAR GALVEZ DOMINGUEZ**,

    Plaintiff,

v.

**CITY BUFFET MONGOLIAN BARBEQUE INC.**,
d/b/a City Buffet
a Florida Corporation,
**BI XIA XIONG**,
individually

    Defendants.
_____/

## COMPLAINT

Plaintiff, OSCAR GALVEZ DOMINGUEZ ("Dominguez"), under the provisions of the Fair Labor Standard Act ("FLSA"), files this Complaint against Defendants, CITY BUFFET MONGOLIAN BARBEQUE INC., d/b/a City Buffet ("City Buffet") and BI XIA XIONG ("Xiong") individually, and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, City Buffet is, and was, a Florida corporation, authorized to conduct and conducting business in Hillsborough County, Florida.

3. At all material times, Xiong, is *sui juris* and a resident of Hillsborough County, Florida.

4. At all material times, Dominguez, is *sui juris* and a resident of Hillsborough County, Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This is an action for unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of City Buffet was at all times material hereto, in excess of $500,000.00 per annum.

8. At all material times hereto, City Buffet was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, City Buffet operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to, sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by City Buffet, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, City Buffet is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Xiong is the president of City Buffet and has economic and day-to-day control of City Buffet, and of the nature and structure of Plaintiff's employment relationship with City Buffet and is therefore an employer as defined by 29 U.S.C. Section 203(d).

## GENERAL ALLEGATIONS

14. Upon information and belief, City Buffet employed Plaintiff from approximately September 2017 through March 2019.

15. Plaintiff was employed as a non-exempt cook.

16. Plaintiff's rate of pay was initially $2,200 per month, but it was eventually increased to $2,300 per month.

17. Throughout his employment, Plaintiff routinely worked for City Buffet for an average of seventy-one (71) hours per week, with thirty-one (31) hours of overtime.

18. Notwithstanding, Plaintiff received between $7.75 and $8.10 per hour for all hours worked by him each month.

19. During Plaintiff's employment from 2017 to 2019, Florida's minimum wage was between $8.10 and $8.46

20. Defendants failed/refused to pay to Plaintiff his minimum wages as required by Florida law.

21. Additionally, Defendants failed/refused to pay to Plaintiff his overtime wages as required by the FLSA.

22. Defendants willfully and intentionally failed/refused to pay to Plaintiff his state required minimum wages and his federally required overtime wages.

23. Defendants knew of the Florida minimum wage requirements and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with Florida law.

24. Defendants knew of the overtime requirements and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

25. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

26. Plaintiff has complied with all conditions precedent to filing this action.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

28. On July 2, 2019, Plaintiff through his undersigned counsel, sent to Defendants a written pre-suit demand regarding the violations of the Florida minimum wage and FLSA overtime provisions, and requesting that they pay the amounts owed to Plaintiff, but Defendants failed/refused to do so ("Demand").

## COUNT I
## MINIMUM WAGE (§ 448.110, FLORIDA STATUTES) AGAINST CITY BUFFET

29. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-eight (28) above.

30. This is an action against City Buffet for minimum wage compensation pursuant to § 448.110, Florida Statutes.

31. The Florida Minimum Wage Act, § 448.110, requires that City Buffet pay to Plaintiff a minimum wage per hour for all hours worked by him.

32. The Florida minimum wage during Plaintiff's employment with City Buffet was between $8.10 and $8.46.

33. Throughout Plaintiff's employment, he was paid between $7.75 and $8.10, in violation of the Florida Minimum Wage Act.

34. City Buffet willfully and intentionally failed to pay to Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate him at the applicable minimum wage.

35. City Buffet did not have a reasonably objective belief that it was not required to pay Plaintiff's minimum wages.

36. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
### MINIMUM WAGE (§ 448.110, FLORIDA STATUTES) AGAINST XIONG

37. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-eight (28) above.

38. This is an action against Xiong for minimum wage compensation pursuant to § 448.110, Florida Statutes.

39. The Florida Minimum Wage Act, § 448.110, requires that Xiong pay to Plaintiff a minimum wage per hour for all hours worked by him.

40. The Florida minimum wage during Plaintiff's employment with Xiong was between $8.10 and $8.46.

41. Throughout Plaintiff's employment, he was paid between $7.75 and $8.10, in violation of the Florida Minimum Wage Act.

42. Xiong willfully and intentionally failed to pay to Plaintiff his full minimum wages by making the conscious decision to pay Plaintiff an arbitrary salary, which failed to compensate him at the applicable minimum wage.

43. Xiong did not have a reasonably objective belief that it was not required to pay Plaintiff's minimum wages.

44. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT III
## OVERTIME (FLSA) AGAINST CITY BUFFET

45. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-eight (28) above.

46. This is an action against City Buffet for overtime compensation pursuant to 29 U.S.C. § 216(b).

47. Plaintiff routinely worked in excess of forty (40) hours per week for City Buffet.

48. Specifically, Plaintiff estimates that he worked for City Buffet for an average of seventy-one (71) hours per week, with thirty-one (31) hours of overtime.

49. Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

50. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for City Buffet as defined in 29 U.S.C. § 203(g).

51. City Buffet failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

52. At all material times, City Buffet knew or should have known that such refusal and/or failure is prohibited by the FLSA.

53. Notwithstanding, City Buffet intentionally and willfully violated the FLSA, as cited herein.

54. At all material times, City Buffet failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

55. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## OVERTIME (FLSA) AGAINST XIONG

56. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-eight (28) above.

57. This is an action against Xiong for overtime compensation pursuant to 29 U.S.C. § 216(b).

58. Plaintiff routinely worked in excess of forty (40) hours per week for Xiong.

59. Specifically, Plaintiff estimates that he worked for Xiong for an average of seventy-one (71) hours per week, with thirty-one (31) hours of overtime.

60. Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

61. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for Xiong as defined in 29 U.S.C. § 203(g).

62. Xiong failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

63. At all material times, Xiong knew or should have known that such refusal and/or failure is prohibited by the FLSA.

64. Notwithstanding, Xiong intentionally and willfully violated the FLSA, as cited herein.

65. At all material times, Xiong failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

66. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

67. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Oscar Galvez Dominguez, respectfully requests that judgment be entered in his favor against Defendants, City Buffet Mongolian Barbeque Inc. and Bi Xia Xiong, as follows:

(a) Declaring that the acts and practices of Defendants complained of herein are in violation of the Florida Minimum Wage Act.

(b) Permanently enjoining Defendants, their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the Florida Minimum Wage Act.

(c) Declaring that the acts and practices of Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(d) Permanently enjoining Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the overtime wage provisions of the FLSA;

(e) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(f) Awarding Plaintiff liquidated damages;

(g) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(h) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 4TH day of December 2020.

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road
Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Counsel for Plaintiff*