UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR GALVEZ DOMINGUEZ,

    Plaintiff,

v.                                                   Case No.  8:20-cv-2867-SCB-TGW

CITY BUFFET MONGOLIAN
BARBEQUE, INC., ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Default Judgment.  (Doc. No. 22)  As explained below, the motion is granted.

**I.  Background**

Plaintiff Oscar Galvez Dominguez filed this lawsuit under the Fair Labor Standards Act ("FLSA") against his former employer, Defendant City Buffet Mongolian Barbeque, Inc.[1]  Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff was employed as a non-exempt cook for Defendant from September 2017 through March of 2019.  Plaintiff was initially paid $2,200 per month, but his pay was later increased to $2,300 per month. He regularly worked

---

[1] Plaintiff also asserted claims against Defendant City Buffet Mongolian, Inc.'s president, Bi Xia Xiong, but those claims have been dismissed without prejudice due to Plaintiff's inability to serve him.  (Doc. No. 19).

71 hours per week, but he was not paid overtime for any of the hours that he worked in excess of 40 per week.  Plaintiff contends that Defendant willfully refused to pay him overtime.  As a result, Plaintiff asserts a claim for overtime pay under the FLSA.[2]

Defendant City Buffet Mongolian Barbeque, Inc. failed to respond to the complaint, and the Clerk entered default against it on February 1, 2021.  (Doc. No. 10).  Thereafter, Plaintiff filed the instant motion for default judgment.

## II.  Motion for Default Judgment

As Defendant has failed to respond to the complaint, and default has been entered against it, Defendant is deemed to have admitted the well-pleaded factual allegations therein.  See Maus v. Ennis, 513 Fed. Appx. 872, 880 (11th Cir. 2013).  Plaintiff now moves for default judgment, asking the Court to award him $16,572.60 in overtime and liquidated damages.

Plaintiff calculates the amount being sought as follows: Plaintiff worked 71 hours per week, which means that he worked 31 hours of overtime each week.  (Doc. No. 21, ¶ 6).  Defendant paid Plaintiff an average of $2,300 per month.  (Doc. No. 21, ¶ 5).  Over the course of four weeks, Plaintiff was paid $2,300 for 284 hours of work, which means that he was paid $8.10 per hour.

---

[2] Plaintiff had also asserted a Florida minimum wage claim, but it appears that Plaintiff is no longer pursuing such a claim.

Plaintiff contends that he was not paid overtime for 66 weeks between September 2017 and March 2019.[3] As a result, Plaintiff is owed overtime pay of $4.05 for 31 hours each week for 66 weeks, which equals $8,286.30 in overtime pay. Additionally, Plaintiff is entitled to the same amount, $8,286.30, in liquidated damages. 29 U.S.C. § 216(b). Thus, Plaintiff is entitled to an award of $16,572.60 in overtime and liquidated damages.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Plaintiff's Motion for Default Judgment (Doc. No. 22) is **GRANTED**.

(2)  The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant City Buffet Mongolian Barbeque, Inc. on Plaintiff's overtime claim in Count III of his complaint. Plaintiff is awarded a total of $16,572.60 in overtime and liquidated damages.

(3)  The Clerk is directed to close this case.

(4)  The Court reserves jurisdiction to award attorney's fees and costs.

DONE AND ORDERED at Tampa, Florida, this 11th day of June, 2021.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

---

[3] Presumably, Plaintiff did not work all weeks during the period of September 2017 to March of 2019, as there is more than 66 weeks during that time period.